### In re ULTIMITE CORP.

### GRAY'S FERRY BRICK CO. v. ROSENBAUM.

#### No. 22, Docket 22742.

United States Court of Appeals
Second Circuit.

Argued Oct. 9, 1953.

Decided Oct. 26, 1953.

428

Reuben E. Gross, Staten Island, N. Y., for appellant.

Chauncey H. Levy, New York City, for trustee-respondent. Sydney Basil Levy, New York City, of counsel.

Before CHASE, Chief Judge and CLARK and FRANK, Circuit Judges.

PER CURIAM.

The appeal is from an order confirming the order of a referee in bankruptcy which denied appellant's petition to have its judgment liens against a bank account and the proceeds of the sale of certain real estate of the bankrupt, Ultimite Corporation, held valid. The liens were perfected seven days before an involuntary petition in bankruptcy was filed by other creditors. The judgment debtor was adjudicated a bankrupt and the appellee, its trustee, holds the money under stipulations preserving the liens if they survived the adjudication in bankruptcy.

They did not if the bankrupt was insolvent at the time the liens were obtained. Section 67, sub. a(1) of the Bankruptcy Act. Title 11, § 107, sub. a (1), U.S.C.A. Such insolvency depends upon whether claims of Louis Rosenstein, and his wife trading as Rosenstein & Company and of Louis Rosenstein, Jr., were debts owed by the bankrupt or capital contributions. Louis Rosenstein was the president and his wife the vice-president of the bankrupt and they were two of the three directors of the corporation. The three Rosensteins had advanced $204,325.14 to the bankrupt and have filed claims totalling that amount. While the appellant's suit against the bankrupt was pending, an attempt to settle it was made, and Louis Rosenstein wrote the appellant a letter in which he agreed that the liabilities of the Ultimite Corporation to himself and to the members of his immediate family should be and remain subordinated to the debt of the corporation to the appellant until the contemplated settlement was consummated or the debt owed the appellant otherwise paid in full.

The facts were stipulated and, as the referee recognized, fail to show either directly or by inference that the advances by the Rosensteins to the bank-

rupt were capital contributions; that there was any fraud or overreaching by anyone; or that the rules of fair play mentioned in Pepper v. Litton, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 were violated. In the absence of fraud or unfair advantage it is not wrongful for an officer or director of a corporation to lend money to it. In re Madelaine, Inc., 2 Cir., 164 F.2d 419. It is implicit in the decision of the referee which was accepted by the district judge that the Rosenstein advances were intended to be loans. Since that is not clearly erroneous the referee's decision as to that now is final. Morris Plan Industrial Bank v. Henderson, 2 Cir., 131 F.2d 975; In re Rosenberg, 2 Cir., 145 F.2d 896.

The agreement by Louis Rosenstein to subordinate the debts the corporation owed to him and to members of his immediate family to the debt it owed the appellant did not reduce the overall indebtedness of the corporation. The subordinated debts still remained corporate liabilities to be counted in determining whether the corporation was insolvent. Cf. Goldstein v. Wolfson, 2 Cir., 132 F.2d 624.

Affirmed.